NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2399
_____

CRAIG FRAZIER,

Appellant

v.

EXIDE TECHNOLOGIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-11-cv-01863)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 20, 2018

Before: SMITH, Chief Judge, HARDIMAN, and ROTH, Circuit Judges

(Filed: June 6, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, Circuit Judge

Craig Frazier appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint. We will affirm.

I

In 2011 Frazier sued his employer, Exide Technologies, for race discrimination. Two years later, Frazier's case was stayed when Exide filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware. Although Frazier received notice of the bankruptcy proceedings, he never filed a timely proof of claim with the Bankruptcy Court. The District Court lifted the stay in early 2016 and later that year granted (in part) Exide's motion for summary judgment. Unbeknownst to the District Court, Exide's bankruptcy proceedings had concluded nearly two years earlier when the Bankruptcy Court confirmed a Plan of Reorganization. That Plan discharged all claims against Exide and permanently enjoined their prosecution, including Frazier's claim.

Notwithstanding Exide's Reorganization Plan—and even after Exide informed the District Court that it had no coverage for Frazier's claim—Frazier moved for "an order permitting him to proceed with [his] case and also an order to compel Exide to produce discovery relevant to the existence and availability of insurance coverage for his claims." App. 4. The District Court denied Frazier's motion, vacated its previous summary judgment ruling, and dismissed the complaint. Frazier timely appealed.[1]

---

[1] The District Court had jurisdiction over Frazier's claims under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

Frazier claims the District Court erred when it prevented him from seeking recovery from an Employment Practices Liability insurance policy issued to Exide by CHUBB. The undisputed facts of the case demonstrate otherwise. CHUBB had no duty to cover Exide under the policy because it was a "claims made" policy and Exide did not notify CHUBB of Frazier's claim. *See* D. Ct. Op., ECF No. 52 at 3–4. Since there was no coverage, it's immaterial whether federal bankruptcy law would have permitted Frazier to proceed against CHUBB notwithstanding the discharge of his claim against Exide.[2] And even assuming, as Frazier argues, that Exide was obliged to disclose the existence of the CHUBB Policy under Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, its failure to do so could not expand CHUBB's contractual obligations under the policy, which did not extend to Frazier's claim. Accordingly, we must affirm the judgment of the District Court.

---

[2] We note as well that the CHUBB Policy left Exide with a self-insured retention of $1.5 million. So even if it gave CHUBB timely notice of Frazier's claim, Exide would have been responsible in the first instance for any liability up to that threshold—one which Exide might reasonably have concluded that Frazier's claim was unlikely to reach. To the extent Frazier's damages would have fallen below that retention and therefore be recoverable only against Exide under the terms of the Policy, Exide's discharge would have barred Frazier from recovering them regardless of what notice CHUBB received.